**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

TERRY BERNARD WELLS,
　　　　　　*Defendant-Appellant.*

⎫
⎬
⎭

No. 00-4592

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-00-13)

Submitted: February 9, 2001

Decided: March 13, 2001

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Terry Bernard Wells pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999). The district court denied his motion for downward departure and sentenced him within the applicable sentencing guideline range to 196 months imprisonment, five years supervised release, and a special assessment of $100. Wells noted a timely appeal. Wells' attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), addressing whether Wells' criminal history category overstated the seriousness of his actual criminal record, justifying downward departure. Wells did not file a pro se brief, though he was informed of his right to do so. We affirm the order of the district court.

A defendant may not appeal a district court's refusal to depart downward at sentencing unless the court's refusal was based on a mistaken view that it lacked the authority to depart. *United States v. Bayerle*, 898 F.2d 28, 30-31 (4th Cir. 1990). The district court recognized that it had the authority to depart, but declined to do so. Therefore, we will not review this claim. *United States v. Hall*, 977 F.2d 861, 866 (4th Cir. 1992); *Bayerle*, 898 F.2d at 30-31.

As required by *Anders*, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and concluded that there are no non-frivolous grounds for this appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Wells' conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*